**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GRADY JACKSON, JR.,** )<br>　　　　　　**Plaintiff** ) | **C.A. No. 06-154 Erie** |
| )<br>　　v. )<br>) | **District Judge McLaughlin**<br>**Magistrate Judge Baxter** |
| **UNITED STATES OF AMERICA, et al.,** )<br>　　　　　　**Defendants.** ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that Defendant's motion to dismiss Plaintiff's amended complaint or, in the alternative, motion for summary judgment [Document # 14] be granted.

**II.    REPORT**

　　**A.    Procedural History**

On July 13, 2006, Plaintiff Grady Jackson, Jr., an inmate incarcerated at the Federal Correctional Institution at McKean in Bradford, Pennsylvania ("FCI-McKean"), filed this *pro se* action pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 2671 et seq., against the United States of America ("United States"), alleging that BOP staff negligently lost various items of his personal property. (Document # 3, Complaint).  On September 13, 2006, Plaintiff filed a First Amended Complaint adding Defendant Brian Weseman, a correctional officer at FCI-McKean ("Weseman"), and asserting a negligence claim against Weseman for the loss of Plaintiff's personal property. (Document # 7, First Amended Complaint).  As relief for his claims, Plaintiff seeks declaratory relief, compensatory damages in the amount of $ 3,436.35 for the alleged value of the property he claims to have lost, plus additional compensatory and punitive damages against Defendant Weseman.

Defendants have filed a motion to dismiss, or in the alternative, motion for summary judgment [Document # 14], arguing that (I) Defendant Weseman should be dismissed as an

improper party to an FTCA action, and (2) Plaintiff has failed to state a claim upon which relief may be granted, because the FTCA "exempts the United States from suit with regard to any claim based on injury or loss of property when the property was detained by a law enforcement officer." (Document # 15 at p. 1). Plaintiff filed a brief in opposition to Defendants' motion [Document # 21], to which Defendants' filed a reply brief [Document # 22]. Plaintiff then filed a sur-reply to Defendants' reply brief. [Document # 27]. This motion is now ripe for consideration.

### B.     Factual History

On September 28, 2005, Plaintiff was placed in FCI-McKean's Special Housing Unit ("SHU"), at which time Defendant Weseman secured Plaintiff's personal property that was locked in Plaintiff's assigned locker in his cell. (Document # 7, First Amended Complaint, at ¶ 1). However, Plaintiff alleges that, "[a]t some point between the securing of [his] personal property and the property's arrival at the S.H.U., several items were missing," including: eight (8) volumes of federal trial transcripts; four (4) state trial transcripts; one pair of mesh shorts; one pair of New Balance shoes; one beard trimmer; one Sony radio; eighteen (18) miswaks (religious sticks); ten (10) writing pens; three (3) legal research books; one typing wheel; two (2) typing ribbons; two (2) correctional tapes; two (2) bottles of perfume oils; and approximately seventy-five (75) personal family pictures. (Id.). Plaintiff alleges that the value of the lost property is $ 3,436.35. Plaintiff alleges further that "[a]t no time during [his] stay in the S.H.U., from September 28, 2005 to the date of his release October 6, 2005, was [his] property inventoried nor signed for." (Id.).

### C.     Standards of Review
#### 1.     Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1)

When a motion to dismiss is made under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction which attacks the complaint as deficient on its face, the Court must take all allegations in the complaint as true. Mortensen v. First Federal Sav. and Loan

2

Ass'n, 549 F.2d 884, 891(3d Cir. 1977).  However, when the motion attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's allegations and the Court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact. Id. at 891.  See also Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3rd Cir. 2000); Poling v. K. Hovnanian Enterprises, 99 F.Supp.2d 502, 515 (D.N.J. 2000).

In Mortensen, the Third Circuit delineated the standard of review to be used in a 12(b)(1) motion, as opposed to a motion under 12(b)(6), stating:

> The basic difference among the various 12(b) motions is, of course, that 12(b)(6) alone necessitates a ruling on the merits of the claim, the others deal with procedural defects.  Because 12(b)(6) results in a determination on the merits at an early stage of plaintiff's case, the plaintiff is afforded the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn. . . .
>
> The procedure under a motion to dismiss for lack of subject matter jurisdiction is quite different.  At the outset we must emphasize a crucial distinction, often overlooked, between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings. The facial attack does offer similar safeguards to the plaintiff: the court must consider the allegations of the complaint as true. The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56 . Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction its very power to hear the case there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

549 F.2d 884, 891.  Accordingly, no presumptive truthfulness attaches to Plaintiff's allegations regarding subject matter jurisdiction.

### 2.     Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader

3

is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).   The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).   As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).   The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff.   Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985).   The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint.   See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).   Nor must the court accept legal conclusions set forth as factual allegations.   Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S.  265, 286 (1986).   "Factual allegations must be enough to raise a right to relief above the speculative level."   Twombly, ___ U.S. ___, 127 S.Ct. at 1965.   Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face."   Id. at ___, 1974.

### 3.     Summary Judgment

Federal Rule of Civil Procedure 56(c)  provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."   Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the

4

mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will effect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v.

DuFresne, 676 F.2d 965, 969 (3d Cir. 1982).  Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson, 477 U.S. at 247-249.

        **4.**     *Pro Se* **Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.  Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

    **D.**    **Discussion**
        **1.**     **Monetary Damages**

28 U.S.C. § 2675(b) provides that an "[a]ction under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency...."  This requirement is jurisdictional and cannot be waived.  Adams v. U.S., 807 F.2d 318, 321 (2d Cir. 1986).  Thus, this Court lacks subject matter jurisdiction over any claim of damages that

exceeds the amount of the claim that was presented to the federal agency. Id.; see also Brown v. U.S., 2006 WL 83451 (E.D.Pa. Jan. 10, 2006).

In this case, Plaintiff seeks compensatory damages of $ 5,000.00, and punitive damages of $ 10,000.00, against Defendant Weseman, neither of which were presented to the BOP in his Administrative Tort Claim. (Document # 7, First Amended Complaint, Exhibit B). The only damages properly before this Court under 28 U.S.C. § 2675(b) are those that were presented in Plaintiff's Administrative Tort Claim, or $ 3.436.00 for the alleged value of the lost property. Any claim of damages in excess of $ 3,436.00 should be dismissed for lack of subject matter jurisdiction.

### 2. Defendant Weseman

Defendants argue that Plaintiff cannot proceed with his claims against Defendant Weseman because he is not a proper party under the FTCA. (Document # 15 at p. 1, n. 1).[1] This Court agrees. Although the FTCA provides a limited waiver of sovereign immunity for certain torts committed by federal employees, the United States is the only proper defendant in an action brought under the FTCA. 28 U.S.C. § 2679; see, e.g., Good v. Ohio Edison Co., 149 F.3d 413, 418 (6th Cir. 1998); Kennedy v. United States Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998); Mars v. Hanberry, 752 F.2d 254, 255 (6th Cir. 1985). Thus, Plaintiff's FTCA claim against Defendant Weseman should be dismissed.

### 3. Detention of Goods Exception

Defendants argue that Plaintiff's property loss claims are not cognizable under the FTCA because they fall within the "detention of goods exception" to the Act's waiver of sovereign immunity. This exception is set forth at 28 U.S.C. § 2680(c) and provides that the government's waiver of immunity under the FTCA "shall not apply to ... *[a]ny claim arising in respect of* the

---

[1] This argument is more fully raised in Defendants' motion to substitute party [Document # 12], which was filed simultaneously with their pending motion to dismiss or, in the alternative, motion for summary judgment.

assessment or collection of any tax or customs duty, or ***the detention of any goods, merchandise, or other property by*** any officer of customs or excise or ***any other law enforcement officer***...." (emphasis added).

It is beyond dispute that the "securing" of Plaintiff's personal property upon his placement in FCI-McKean's SHU was a "detention of goods" within the meaning of 28 U.S.C. § 2680(c).  See Kosak v. U.S., 465 U.S. 848, 854 (1984)(broadly interpreting the meaning of "arising in respect of ... the detention of goods" to apply to storage and negligent handling of property); Gibson v. Sadowski, 2006 WL 3308442 (W.D.Pa. October 17, 2006)(confiscation, bagging and inventorying of Plaintiff's personal property upon placement in SHU was a "detention of goods" within the meaning of 28 U.S.C. § 2680(c)); Smith v. U.S., 2006 WL 231663 at *2 (D.N.J. Jan. 30, 2006)(removal and storage of inmate's personal property after inmate was placed in SHU was a "detention of goods" under 28 U.S.C. § 2680(c)).

The only question regarding the applicability of the "detention of goods exception" is whether the phrase "any other law enforcement officer" includes a BOP corrections officer. While neither the United States Supreme Court nor the Third Circuit Court of Appeals has determined the issue, this Court has previously determined that the phrase "other law enforcement officer," as used in § 2680(c), does, in fact, apply to BOP officers.  See Gibson, 2006 WL 3308442 at * 1; Bender v. United States, CA 02-290E (W.D.Pa. Sept. 24, 2004). These decisions are consistent with the majority of circuit courts that have addressed this issue and determined that the phrase "other law enforcement officer" as used in § 2680(c) should be read expansively to apply to any federal law enforcement officer carrying out a law enforcement function even if unrelated to customs or excise functions.  See e.g. Bramwell v. U.S. Bureau of Prisons, 348 F.3d 804 (9th Cir. 2003)(applying § 2680(c) to include BOP officers); Chapa, 339 F.3d at 390 (same); Hatten, 275 F.3d at 1210 (same); Cheney v. U.S., 972 F.2d 247, 248 (8th Cir. 1992)(applying § 2680(c) to include drug task force agents); Schlaebitz v. U.S. Dept. Of Justice, 924 F.2d 193, 195 (11th Cir. 1991)(applying § 2680(c) to include U.S. Marshals).

Moreover, this Court has previously found that, to the extent the Third Circuit has discussed § 2680(c), it appears it would likely adopt the majority's expansive definition of

"other law enforcement officer." For example, in U.S. v. Bein, 214 F.3d 408, 416 (3d Cir. 2000), the Court noted in dicta that an action against FBI officers and local police officers deputized as U.S. Marshals "might have been barred" by § 2680(c), had the plaintiffs brought their suit under the FTCA. Similarly, in Schrob v. Catterson, 948 F.2d 1402, 1420 n. 16 (3d Cir. 1991), the Court cited § 2680(c) to "note that the [FTCA] specifically exempts the United States government from liability for the detention of property by its employees," implying that § 2680(c) applies to all government officials.

Further buttressing the majority's interpretation of § 2680(c) is the fact that "BOP officers are considered 'law enforcement officers' under several other statutes" outside the context of the FTCA. Bramwell, 348 F.3d at 807. These include "5 U.S.C. §§ 5541(3), 8331(20), and 8401(17)(D)(i)(civil service benefits eligibility); 42 U.S.C. § 3796b(6)(public safety officers' death benefits); and 18 U.S.C. § 3592(c)(14)(D) and 21 U.S.C. § 848(e)(2) (authorizing the federal death penalty for killing a 'law enforcement officer')." Id.

Based on the foregoing, this Court finds that the BOP officer(s) who detained Plaintiff's personal property, including, in particular, Defendant Weseman, were "other law enforcement officers" under 28 U.S. § 2680(c), such that Plaintiff's property loss claims fall within the "detention of goods exception" to the FTCA's waiver of sovereign immunity. As a result, Plaintiff's FTCA claim should be dismissed for lack of subject matter jurisdiction.

### 4.     Common Law Negligence Claim Against Defendant Weseman

To the extent Plaintiff raises a common law negligence claim against Defendant Weseman for his involvement in the alleged loss of Plaintiff's personal property, such a claim is a pendent state law claim, over which this Court is not required to exercise jurisdiction absent the existence of a cognizable federal claim. Since this Court has already determined that Plaintiff's federal claims under the FTCA should be dismissed for lack of subject matter jurisdiction, this Court does not have an independent basis on which to exercise jurisdiction over Plaintiff's state law negligence claim. As a result, Plaintiff's common law negligence claim against Defendant Weseman should be dismissed.

**III    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Defendant's motion to dismiss or, in the alternative, motion for summary judgment [Document # 14] be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

S/Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
Chief U.S. Magistrate Judge

Dated: July 24, 2007

cc:    The Honorable Sean J. McLaughlin
       United States District Judge